## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| CALVIN RYDELL GROVNER,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL ACTION NO.: 2:16-cv-85<br><br><br>(Case No. 2:13-cr-24) |

## **O R D E R**

Petitioner, an inmate at Estill Federal Correctional Institute in Estill, South Carolina, has filed an action under 28 U.S.C. § 2255 which the Court has reviewed. Petitioner attacks a judgment of conviction obtained in this Court on April 10, 2014, in Case Number 2:13-CR-24. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court hereby Orders the United States Attorney to file an answer or motion to dismiss within thirty (30) days stating what records and documents need to be produced in order to fully respond to the Motion. The government shall also include in this response its position regarding the need for expansion of the record authorized by Rule 7, evidentiary hearing authorized by Rule 8, and any additional discovery necessary as authorized by Rule 6 of the Rules Governing Section 2255 Proceedings.

Additionally, the Court **DENIES** Petitioner's Motion for Appointment of Counsel filed contemporaneously with his Section 2255 Motion. (Doc. 2.) There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985); see also, Barbour, 471 F.3d at 1227–32 (even defendants sentenced to death do not enjoy

a constitutional right to post-conviction counsel). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)1; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 Fed.Appx. 29, 31 (11th Cir. 2012);

At this time, the Court does not find any exceptional circumstances justifying the appointment of counsel in this case.[1] Petitioner does not lay out any such circumstances in his Petition or in his Motion for Counsel. Therefore, the Court **DENIES** his request for appointment of counsel.

The Clerk of Court is hereby authorized and directed to forward a copy of this Order and a copy of Petitioner's Section 2255 Motion to the Savannah Office of the United States Attorney for the Southern District of Georgia. While this action is pending, Petitioner shall immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice.

**SO ORDERED**, this 8th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Should it become apparent later in these proceedings that an evidentiary hearing is required, or that the interests of due process or justice otherwise require, then the Court shall appoint counsel for Petitioner.